UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JORDAN BRENDEN,

                          Plaintiff,                        **5:23-cv-539 (GTS/ML)**

  -against-

                                                             **COMPLAINT**

FELIX CASTRO, Individually, "JOHN"
BUTLER, Individually, and JOHN DOES 1-3,       **Jury Trial Demanded**

                          Defendants.
-------------------------------------------------------------x

      Plaintiff, JORDAN BRENDEN, by and through his attorneys, The Bellantoni Law Firm, PLLC, as and for his Complaint respectfully states:

## NATURE OF THE ACTION

      1.     This is an action for, *inter alia,* presumed compensatory damages as a direct result of harms proximately resulting from defendant's violation of Plaintiff's constitutional rights, as well as economic and punitive damages, attorney's fees, costs, and disbursements.

## JURISDICTION AND VENUE

      2.     Jurisdiction in this court is proper pursuant to 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States, and under 28 U.S.C. § 1343(a)(3) in that this action seeks to redress the deprivation, under of color of the laws, statutes, ordinances, regulations, customs, and usages of the State of New York, of rights, privileges or immunities secured by the United States Constitution.  This action seeks relief pursuant to 28 U.S.C. §§ 2201, 42 U.S.C. §§ 1983 and 1988. Venue in this district is proper pursuant to 28 U.S.C. § 1391.

1

## THE PARTIES

3. Plaintiff, JORDAN BRENDEN ("Plaintiff") is a natural person and resident of New York State.

4. Defendant, FELIX CASTRO ("Castro") is sued herein in his individual capacity only. At all times relevant to the allegations herein, Castro was acting in his capacity as an Investigator with the New York State Police.

5. Defendant "JOHN" BUTLER ("Butler") is sued herein in his individual capacity only. At all times relevant to the allegations herein, Butler was acting in his capacity as an Investigator with the New York State Police.

6. Defendants "JOHN DOES 1-2" ("Does 1-3") are sued herein in their individual capacities only. At all times relevant to the allegations herein, Does were acting in their capacity as law enforcement with the New York State Police.

## MATERIAL FACTS

7. At all times relevant herein, Plaintiff was employed as a federal law enforcement officer with the New York Army National Guard and in good standing with the 104th Military Police Battalion.

8. As a federal law enforcement officer, Plaintiff held (and continues to hold) the status as a "qualified law enforcement officer" under the Federal Law Enforcement Officers Safety Act (LEOSA) also known as "HR 218." See, 44 USC 926.

9. Specifically, Plaintiff is a "Qualified Department of Defense Law Enforcement Officer."

10. LEOSA authorizes qualified law enforcement officers to lawfully carry a handgun concealed in every state.

11. LEOSA exempts all qualified active and retired LEOs from state and local laws with respect to the carrying of concealed firearms with a few exceptions not relevant herein.

12. As a qualified law enforcement officer, Plaintiff was exempt from the New York State requirement that he obtain a New York State handgun license to lawfully possess handguns.

13. At all times relevant herein, Plaintiff owned and possessed a Smith & Wesson M&P .40 caliber handgun.

*Background Investigation for NYSP Employment*

14. In and around November 2021, Plaintiff was also a candidate for employment as a New York State Trooper.

15. Defendants, including Castro, were assigned to conduct, and involved in conducting, Plaintiff's background employment investigation.

16. In that connection, Defendants had actual knowledge of Plaintiff's application information, current employment status with the New York Army National Guard, 104th Military Police Battalion and status as a federal law enforcement officer.

17. On November 29, 2021, Castro and Doe 1 entered Plaintiff's home without a warrant and unlawfully seized Plaintiff's lawfully owned and possessed Smith & Wesson M&P .40 caliber handgun.

18. Castro and Doe 1 did not have Plaintiff's knowing consent to enter his home or to seize his firearm.

19. Castro and Doe 1 had no reason to believe that Plaintiff's possession of his Smith & Wesson was unlawful, as they both had actual knowledge that Plaintiff was authorized and credentialed under LEOSA to possess firearms throughout the country, including New York State,

without the requirement that he obtain a state-issued firearms license because Plaintiff personally showed them his military credentials.

20. There was no warrant exception to their entry into Plaintiff's home nor did Plaintiff consent to such entry or the seizure of his property.

21. Castro and Doe 1 knew that Plaintiff was employed as a federal law enforcement officer with the military, that he was a qualified law enforcement officer under LEOSA, and that he did not require a New York State license to possess a firearm.

22. On December 1, 2021, at approximately 9:45 a.m., Castro, Butler and Does 1-2 unlawfully caused the arrest, confinement, and prosecution of Plaintiff for the offense of Criminal Possession of a Weapon in the Fourth Degree (Penal Law 265.01(1)).

23. At the time of Plaintiff's seizure and unlawful confinement, Castro, Butler, and Does 1-2 had actual knowledge of Plaintiff's military employment, his status as a federal law enforcement officer, and status as a qualified law enforcement officer under LEOSA.

24. Castro, Butler, and Does 1-2 had actual knowledge of the above because they were conducting and/or overseeing Plaintiff's employment-related background investigation and had knowledge of his military credentials, including his LEOSA credentials.

25. Castro, Butler, and Does 1-2 had no 'reasonable belief' that any offense has been committed by Plaintiff, nor had any offense been committed.

26. Castro, Butler, and Doe 1 knew that their arrest of Plaintiff was unlawful and that they had no legal grounds to arrest or charge Plaintiff with a crime because Plaintiff was a Qualified Law Enforcement Officer and credentialed under LEOSA.

27. Castro, Butler, and Doe 1 had actual and personal knowledge of Plaintiff's status as a Qualified Law Enforcement Officer and LEOSA credentials because, in addition to their

knowledge of Plaintiff's employment file, Plaintiff explained to them days in advance of being placed under arrest, confined, charged, and prosecuted, that he had LEOSA credentials, was a qualified law enforcement officer, that under LEOSA he was not required to obtain a New York State handgun license, that LEOSA preempts state law, and because they had seen Plaintiff's credentials.

28. Doe 2 had actual and personal knowledge that Plaintiff was a Qualified Law Enforcement Officer, and that he was credentialed under LEOSA because Castro, Butler, and/or Doe 1 personally informed Doe 2 of that information before placing Plaintiff under arrest, confining him, charging him with a crime, and prosecuting him.

29. Plaintiff possessed photographic identification issued by the military that identified him as a law enforcement officer (specifically, a "Qualified Department of Defense Law Enforcement Officer"), which Defendants saw and/or were personally aware prior to the seizure of his firearm, his arrest, confinement, and/or prosecution.

30. Castro, Butler, and Does 1-2 deliberately and intentionally disregarded Plaintiff's constitutional rights by seizing his property, placing him under arrest, confining him, charging him with a crime, and/or prosecuting him.

31. Castro, Butler, and Does 1-2 acted with, and were motivated by, actual malice by seizing his property, placing him under arrest, handcuffing him, confining him, charging him with a crime, and prosecuting him in court.

32. Defendants intended to confine Plaintiff, Plaintiff was aware of his confinement, Plaintiff did not consent to being confined, and Plaintiff's confinement was not otherwise privileged.

33. Defendants had no probable cause, or arguable probable cause, for the seizure of Plaintiff's property, his arrest and confinement, filing criminal charges against Plaintiff, and/or prosecuting him.

34. Plaintiff committed no violation of the New York State Penal Law.

35. Plaintiff was forced to spend money on an attorney to represent him to defend against the criminal charges.

36. On January 15, 2022, Plaintiff was arraigned in the Town of Rutland Justice Court and prosecuted for the criminal offense.

37. On August 14, 2022, the charge against Plaintiff was terminated in his favor, dismissed, and sealed.

38. Plaintiff was, and remains, authorized by law to engage in or supervise the prevention, detection, investigation, or prosecution of, or the incarceration of any person for, any violation of law, and has statutory powers of arrest; authorized by the military to carry a firearm; was not the subject of any disciplinary action by the military; met the standards, if any, established by the military which requires Plaintiff to regularly qualify in the use of a firearm; was not under the influence of alcohol or another intoxicating or hallucinatory drug or substance; and was not prohibited by Federal law from receiving a firearm.

*Loss of Employment Opportunities*

39. At the time that Defendants arrested, jailed, charged, and prosecuted Plaintiff, Plaintiff was a candidate to become a law enforcement officer with the New York State Police.

40. Defendants knew that Plaintiff was pursuing a position in law enforcement with the NYSP (and other agencies) because they were conducting Plaintiff's background investigation in connection with his employment application.

41. As a direct result of the actions of Castro, Butler, and Does 1-2 detailed above, Plaintiff's NYSP application was denied.

42. Plaintiff reapplied to the NYSP in February 2023.

43. Plaintiff was informed in March 2023 that he was no longer eligible to apply to become a NYSP trooper because of his age.

44. As a direct result of his arrest and criminal charge Plaintiff has been unable to obtain employment as a civilian law enforcement officer.

45. A 'sealed' arrest is only sealed from the general public; an unsuppressed fingerprint based criminal history background investigation will always reveal Plaintiff's CPW-4 arrest.

46. State and federal law enforcement-related employment investigations require candidates to submit to an unsuppressed criminal history background check.

47. Plaintiff applied for employment to the Department of the Air Force in Rome, New York and was denied because he was charged by Defendants with Criminal Possession of a Weapon in the Fourth Degree in violation of Penal Law § 265.01 ("CPW-4") for possession of a handgun, even though the charge was dismissed.

48. Plaintiff applied for employment with the Lewis County Sheriff's Office but was denied because they "can't assume responsibility for [Plaintiff's] past", which referred to Plaintiff having been charged by Defendants with CPW-4.

49. As a result of being charged with CPW-4, Plaintiff was 'flagged' in his military service. As an E7 government employee with 16 years of exemplary service, Plaintiff became ineligible for promotions, awards, and could not receive any new or different assignments as a direct result of Defendants' actions as set forth herein, which caused economic, monetary, reputational, and emotional harm.

50. Castro, Butler, and Does 1-2 could reasonably foresee that their actions in unlawfully confining, charging, processing, and prosecuting Plaintiff for a criminal weapons charge would impede and negatively affect his current and future employment opportunities. This is so because they, by virtue of being involved in Plaintiff's employment-related background investigation, knew that he was seeking employment opportunities with NYSP and knew or should have known that he was seeking law enforcement opportunities with other law enforcement agencies as well.

51. After his criminal charge was dismissed, Plaintiff sent a letter to Defendants at the Hastings Barracks of the NYSP requesting the return of his Smith and Wesson M&P .40 caliber handgun.

52. Plaintiff's request has been ignored and his property has not been returned.

53. Plaintiff has been deprived of his ability to use and enjoy his property.

54. Defendants have not compensated Plaintiff for his property and intend to keep his firearm permanently.

55. Doe 3 is personally responsible for the return of property held in the NYSP Hastings Barracks, has personal knowledge of Plaintiff's request for the return of his property, and disregarded Plaintiff's right to have his property returned to his possession, intending instead to permanently keep Plaintiff's property, deprive him of the value of such property, and refuse to compensate Plaintiff for its value.

56. As a direct result of Defendants' actions, Plaintiff has been caused to suffer, *inter alia*, unlawful confinement, malicious prosecution, damage to his reputation, economic damages, loss of the use and enjoyment of his property, loss of employment advantages and opportunities, loss of property, compensatory damages in the nature of emotional upset and the physical

manifestations of the same, including sleep disturbances, tension, and has otherwise been rendered sick and sore.

## COUNT I
### U.S. CONST., AMEND. IV, 42 U.S.C. § 1983
### (FALSE ARREST)

57. Plaintiff repeats and realleges paragraphs "1" through and including "56" as if fully repeated herein.

58. Under the theory that Defendant is liable to Plaintiff for violations of his rights as protected by the Fourth Amendment to the United States Constitution. 42 U.S.C. 1983.

## COUNT II
### U.S. CONST., AMEND. IV, 42 U.S.C. § 1983
### (MALICIOUS PROSECUTION)

59. Plaintiff repeats and realleges paragraphs "1" through and including "58" as if fully repeated herein.

60. Under the theory that Defendant is liable to Plaintiff for violations of his rights as protected by the Fourth Amendment to the United States Constitution. 42 U.S.C. 1983.

## COUNT III
### U.S. CONST., AMEND. IV, 42 U.S.C. § 1983
### (STIGMA PLUS)

61. Plaintiff repeats and realleges paragraphs "1" through and including "60" as if fully repeated herein.

62. Under the theory that Defendant is liable to Plaintiff for violations of his rights as protected by the Fourth Amendment to the United States Constitution. 42 U.S.C. 1983.

## COUNT IV
## U.S. CONST., AMEND. V, 42 U.S.C. § 1983
## (TAKINGS CLAUSE)

63. Plaintiff repeats and realleges paragraphs "1" through and including "62" as if fully repeated herein.

64. Under the theory that Defendant is liable to Plaintiff for violations of his rights as protected by the Fifth Amendment to the United States Constitution. 42 U.S.C. 1983.

## COUNT V
## U.S. CONST., AMEND. IV, 42 U.S.C. § 1983
## (UNLAWFUL SEARCH AND SEIZURE)

65. Plaintiff repeats and realleges paragraphs "1" through and including "64" as if fully repeated herein.

66. Under the theory that Defendant is liable to Plaintiff for violations of his rights as protected by the Fourth Amendment to the United States Constitution. 42 U.S.C. 1983.

WHERFORE, a Judgment and Order is respectfully requested:

- Declaring Plaintiff a prevailing party pursuant to 42 U.S.C. 1983, 1988;
- Awarding presumed compensatory damages in at least a nominal amount for the constitutional violations suffered by Plaintiff;
- Awarding compensatory damages in favor of Plaintiff;
- Awarding economic damages in favor of Plaintiff;
- Awarding punitive damages in favor of Plaintiff;
- Awarding costs, disbursements, and reasonable attorney's fees pursuant to 42 U.S.C. 1988; and

- Granting such other, further, and different relief as this Court deems equitable, just, and proper.

Dated: May 2, 2023
      Scarsdale, New York

                                              THE BELLANTONI LAW FIRM, PLLC
                                              *Attorneys for Plaintiff*

By: _____
      Amy L. Bellantoni (AB3061)
      2 Overhill Road, Suite 400
      Scarsdale, New York 10583
      abell@bellantoni-law.com